IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BITCO GENERAL INSURANCE CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. CIV-17-462-M ) |
| WYNN CONSTRUCTION CO., INC., and NABHOLZ CONSTRUCTION SERVICES, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is plaintiff's Motion to Dismiss Wynn Construction Co., Inc.'s Counterclaim, filed June 5, 2017. On June 28, 2017, defendant Wynn Construction Co., Inc. ("Wynn") filed its response, and on July 5, 2017, plaintiff filed its reply.

### I. Introduction

On May 15, 2017, Wynn filed its Answer and Counterclaim. Through its counterclaim, Wynn is alleging a breach of contract claim and a bad faith claim against plaintiff. Plaintiff now moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Wynn's counterclaim in its entirety.

### II. Standard for dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

> reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III.   Discussion

Plaintiff asserts that Wynn's counterclaim fails to state a legally cognizable claim for relief under Oklahoma law since plaintiff has provided a defense to Wynn in the arbitration proceeding initiated by defendant Nabholz Construction Services ("Nabholz") against Wynn pursuant to a reservation of plaintiff's rights to investigate and determine its coverage obligations and Wynn has not become legally obligated to pay any damages to Nabholz. Specifically, plaintiff asserts that it has defended Wynn in the arbitration proceeding pursuant to a reservation of rights and continues to provide a defense. Plaintiff, thus, asserts that there has been no breach of the duty to defend.

Additionally, plaintiff asserts that it cannot possibly have breached a contractual duty to indemnify because the insurance contract requires indemnity only for those sums that the insured becomes legally obligated to pay as damages and Wynn has not alleged that it has become legally obligated to pay any damages to Nabholz in the arbitration proceeding or otherwise. Plaintiff, thus, asserts that there has been no breach of the duty to indemnify. Plaintiff, therefore, contends that because it has fulfilled its contractual obligations to Wynn and exercised its rights permitted under Oklahoma law, Wynn cannot state a claim for breach of contract or breach of the duty of good faith and fair dealing.

Wynn asserts that it has stated a viable counterclaim for both breach of contract and bad faith. Wynn contends that plaintiff's provision of its defense to Wynn was conditional and that after seven years of providing a defense, Wynn is entitled to an unconditional defense. Wynn further contends that an insurer can be liable for bad faith even when the insured does not prevail on its breach of contract claim.

A. Breach of contract claim

In order to recover on its breach of contract claim, Wynn must show: (1) the formation of a contract; (2) breach of that contract; and (3) damages as a direct result of the breach. *See Dig. Design Grp., Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001). Having carefully reviewed Wynn's counterclaim, and presuming all of Wynn's factual allegations are true and construing them in the light most favorable to Wynn, the Court finds that Wynn has failed to set forth sufficient factual allegations to state a breach of contract claim. Specifically, the Court finds that Wynn has not set forth any facts showing there was any breach of the insurance policies by plaintiff. Instead, the facts alleged show that plaintiff has provided, and continues to provide, a defense to Wynn in the arbitration proceeding, albeit under a reservation of rights. As plaintiff is

providing a defense to Wynn, the Court finds there can be no breach of any duty to defend under the insurance policies. Additionally, Wynn has alleged no facts showing it has become legally obligated to pay any damages to Nabholz in the arbitration proceeding or otherwise. Therefore, the Court finds there can be no breach of any duty to indemnify under the insurance policies. Accordingly, the Court finds that Wynn's counterclaim for breach of contract should be dismissed.

  B. Bad faith claim

Under Oklahoma law, a bad faith claim must be based upon an insurer's wrongful denial of a claim, failure to pay, failure to defend, etc. *See Vining v. Enter. Fin. Grp., Inc.*, 148 F.3d 1206, 1214 (10th Cir. 1998) ("the tort of bad faith must be based upon an insurer's wrongful denial of a claim"); *Duensing v. State Farm Fire and Cas. Co.*, 131 P.3d 127, 137 (Okla. Civ. App. 2005) ("Tort liability may be imposed only where there is a clear showing that the insurer, unreasonably and in bad faith, withholds payment of the claim of its insured."). In its counterclaim, Wynn does not allege any wrongful denial of its claim, any failure to pay or indemnify, nor any failure to defend. Accordingly, the Court finds that Wynn has failed to state a bad faith claim and said claim should be dismissed.

IV. Conclusion

For the reasons set forth above, the Court GRANTS plaintiff's Motion to Dismiss Wynn Construction Co., Inc.'s Counterclaim [docket no. 12] and DISMISSES Wynn's counterclaim [docket no. 11].

**IT IS SO ORDERED this 11th day of August, 2017.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE