IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BITCO GENERAL INSURANCE CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. CIV-17-462-M |
| WYNN CONSTRUCTION CO., INC., and NABHOLZ CONSTRUCTION SERVICES, | ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is plaintiff's Motion to Dismiss Nabholz Construction Services' Counterclaim Based upon an Alleged Duty to Defend, filed June 5, 2017. On July 3, 2017, defendant Nabholz Construction Services ("Nabholz") filed its response, and on July 10, 2017, plaintiff filed its reply.

### I. Introduction

On May 15, 2017, Nabholz filed its Answer and Counterclaim. Through its counterclaim, Nabholz is alleging a breach of contract claim and a bad faith claim against plaintiff. Plaintiff now moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Nabholz's counterclaim to the extent it is based upon plaintiff's alleged breach of a duty to defend.

### II. Standard for dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

> plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III.　Discussion

Plaintiff asserts that to the extent Nabholz's counterclaim is based upon plaintiff's alleged failure to defend Nabholz as an additional insured, it fails to state a legally cognizable claim for relief. Specifically, plaintiff contends that under Oklahoma's anti-indemnity statute, Okla. Stat. tit. 15, § 221, plaintiff owes no defense obligation to Nabholz under the facts alleged. Plaintiff, therefore, contends that because no defense is owed by plaintiff to Nabholz under § 221, it is

impossible for Nabholz to state a claim for breach of contract or breach of the duty of good faith and fair dealing premised upon any duty by plaintiff to defend Nabholz.

Nabholz asserts the defense/indemnity language in the contracts between Nabholz and defendant Wynn Construction Co., Inc. ("Wynn") does not run afoul of § 221 but, on the contrary, clearly complies with Oklahoma's anti-indemnity statute. Nabholz further asserts that it not asking plaintiff to defend it against liability which arises out of Nabholz's negligence but is simply trying to compel plaintiff to defend and indemnify Nabholz from and against damage claims attributable to Wynn's negligence. Nabholz also asserts that the insurance policies and additional insured endorsements issued by plaintiff are project-specific and fall squarely within the paragraph D exception to § 221.

Section 221 provides, in pertinent part:

> A. For purposes of this section, "construction agreement" means a contract, subcontract, or agreement for construction, alteration, renovation, repair, or maintenance of any building, building site, structure, highway, street, highway bridge, viaduct, water or sewer system, or other works dealing with construction, or for any moving, demolition, excavation materials, or labor connected with such construction.
> B. Except as provided in subsection C or D of this section, any provision in a construction agreement that requires an entity or that entity's surety or insurer to indemnify, insure, defend or hold harmless another entity against liability for damage arising out of death or bodily injury to persons, or damage to property, which arises out of the negligence or fault of the indemnitee, its agents, representatives, subcontractors, or suppliers, is void and unenforceable as against public policy.
> \* \* \*
> D. This section shall not apply to construction bonds nor to contract clauses which require an entity to purchase a project-specific insurance policy, including owners' and contractors' protective liability insurance, project management protective liability insurance, or builder's risk insurance. . . .

Okla. Stat. tit. 15, § 221(A),(B),(D).

In its counterclaim, Nabholz alleges in January 2008, it entered into a master contract and project-specific contract with Wynn, under the terms of which Wynn agreed to obtain, maintain and pay for commercial general liability and other insurance designating Nabholz as an additional insured. Nabholz does not dispute that these contracts fall within the definition of "construction agreement" set forth in § 221(A). Accordingly, the Court finds that the contracts at issue are subject to § 221.

Nabholz asserts that the insurance policies and additional insured endorsements issued by plaintiff are project-specific and fall squarely within the paragraph D exception to § 221. Having carefully reviewed the insurance policies and the construction contracts, the Court finds that the paragraph D exception does not apply in this case. Specifically, the Court finds that the insurance policies at issue are not project-specific insurance policies. The Court further finds that the construction contracts do not require Wynn to purchase a project-specific insurance policy.

Plaintiff asserts that § 221(B) specifically prohibits and voids any additional insured coverage for Nabholz and any duty to defend Nabholz under plaintiff's insurance contracts issued to Wynn for damages arising out of Nabholz's own negligence or fault.[1] Having reviewed Nabholz's counterclaim, the Court finds that Nabholz has alleged that its damages arise, in part, out of the work or operations performed by Wynn and, thus, is seeking damages based upon Nabholz's alleged vicarious liability for the alleged negligence of Wynn.[2] Because Nabholz

---

[1] In both its motion to dismiss and its reply, plaintiff specifically contends that § 221(B) prohibits and voids additional insured coverage and any duty to defend for damages arising out of Nabholz's own negligence or fault. However, in its reply, plaintiff makes a passing statement that Oklahoma's anti-indemnity statute precludes a defense regardless of whether Nabholz may be held directly liable or vicariously liable for any alleged negligence of Wynn. Plaintiff, however, provides no further support or basis for this statement.

[2] In its counterclaim, Nabholz alleges: "Beginning in September, 2010, Mercy asserted multiple claims and demands against Nabholz which, in part, arose out of and related to the work or operations performed by Wynn." Counterclaim at ¶ 6.

alleges that plaintiff's duty to defend arises, in part, out of Wynn's alleged negligence or fault, the Court finds that § 221(B) does not completely bar any duty to defend Nabholz under plaintiff's insurance contracts and that Nabholz's breach of contract and bad faith claims to the extent they are premised upon an alleged breach of a duty to defend should not be dismissed.

IV. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES plaintiff's Motion to Dismiss Nabholz's Counterclaim Based upon an Alleged Duty to Defend [docket no. 13].

**IT IS SO ORDERED this 11th day of August, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE